**No. 63195.**—Schenley Import Corp. *v.* United States, protests 20054–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

**No. 63196.**—Schenley Import Corp. *v.* United States, protests 126507–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

**No. 63197.**—The American International Products Corporation *v.* United States, protest 58/22334 (New York).

Opinion by RICHARDSON, J. Since the protest was filed more than 60 days after liquidation in the case of entries 810781, 833476, and 860713, it was dismissed as untimely in regard to those entries, by virtue of section 514, Tariff Act of 1930. The protest for entry 829357 was timely filed. However, the protest was dismissed as to said entry for lack of prosecution.

BEFORE THE SECOND DIVISION, JUNE 24, 1959

**No. 63198.**—Newland, Schneelock & Piek, Inc. *v.* United States, petition 6226–R (Baltimore).

LAWRENCE, Judge: This is a petition for the remission of additional duties assessed pursuant to section 489 of the Tariff Act of 1930 (19 U.S.C. § 1489), prior to its amendment by the Customs Simplification Act of 1953 (67 Stat. 507), by reason of the undervaluation upon entry of an importation consisting of china tableware from Japan.

The merchandise was entered at the total invoice value including packing but less cartage and shipping charges, whereas appraisement was made on that basis, plus said cartage and shipping charges.

When this case was called for hearing, Julius Busch, secretary of Newland, Schneelock & Piek, Inc., with which company he has been associated for 29 years, was called as a witness and testified on behalf of petitioner. He stated that he was familiar with the importation in issue and that it was the first one of its kind for his company. Prior to entry of the merchandise, he discussed the matter